UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HCA GENESIS, INC, d/b/a
MERCY OF NORTHERN NEW YORK

Plaintiff,

v. 7:06-cv–150

GROUP HEALTH INCORPORATED,
d/b/a GHI HMO SELECT INC,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

Plaintiff HCA Genesis, Inc. commenced the instant action claiming that it is the assignee of certain benefits under a health insurance policy issued by Defendant to Margaret Hitchman and that Defendant failed to pay Plaintiff for services provided to Hitchman that are purported to be covered by the insurance policy. Presently before the Court is Defendant's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12 or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.

Plaintiff is a health care provider that rendered services to Margaret Hitchman. Plaintiff is an assignee of Hitchman's health insurance benefits under the policy issued by Defendant. Hitchman's insurance program was under the auspices of the Federal Employees Health Benefits Plan ("FEHBP"). The Complaint alleges that Defendant has failed to pay for certain medical services provided to Hitchman.

Defendant moves to dismiss on the grounds that: (1) Plaintiff failed to exhaust her

administrative remedies because she did not appeal the denial of health insurance benefits to the Office of Personnel Management ("OPM"); and (2) Plaintiff's legal remedy is against OPM and not GHI. Plaintiff failed to respond to the motion.[1]

Plaintiff's insurance plan is part of the FEHBP. Pursuant to 5 C.F.R. § 890.105(a) which applies to the FEHBP,

> [e]ach health benefits carrier resolves claims filed under the plan. All health benefits claims must be submitted initially to the carrier of the covered individual's health benefits plan. If the carrier denies a claim (or a portion of a claim), the covered individual may ask the carrier to reconsider its denial. If the carrier affirms its denial or fails to respond as required by paragraph (c) of this section, the covered individual may ask OPM to review the claim. **A covered individual must exhaust both the carrier and OPM review processes specified in this section before seeking judicial review of the denied claim.**

(emphasis added). There is no evidence in the record that Plaintiff exhausted her administrative remedies before seeking judicial review. See Botsford v. Blue Cross and Blue Shield of Montana, Inc., 314 F.3d 390, 397 (9th Cir. 2002) ("Pursuant to the regulatory scheme, a beneficiary must first submit a dispute over benefits to the carrier and then to OPM before seeking judicial review."); Bryan v. Office of Personnel Management, 165 F.3d 1315, 1318-19 (10th Cir. 1999); Estate of Williams-Moore v. Alliance One Receivables Management, Inc., 335 F.Supp.2d 636, 652 (M.D.N.C. 2004).

---

[1] Pursuant to N.D.N.Y.L.R. 7.1(b)(3), "[a]ny party who does not intend to oppose a motion . . . shall promptly notify the Court and the other parties of such intention. Notice should be provided at the earliest practicable date, but in any event no less than **FOURTEEN CALENDAR DAYS** prior to the scheduled return date of the motion . . . . **Failure to comply with this Rule may result in the Court imposing sanctions.**" (emphases in original). Plaintiff has failed to comply with this Rule. Plaintiff is hereby placed on notice that future failures to comply with this Rule **will** result in the imposition of sanctions.

That Rule also provides that "[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting . . . of the motion. . . ."

.        Furthermore, pursuant to 5 C.F.R. § 890.107(c),

> Federal Employees Health Benefits (FEHB) carriers resolve FEHB claims under authority of Federal statute (5 U.S.C. chapter 89).  A covered individual may seek judicial review of OPM's final action on the denial of a health benefits claim.  **A legal action to review final action by OPM involving such denial of health benefits must be brought against OPM and not against the carrier or carrier's subcontractors.**

(emphasis added); see Botsford, 314 F.3d at 397 ("beneficiaries may only name OPM, not the carrier, in a suit. . . ."); Estate of Williams-Moore, 335 F.Supp.2d at 652.  Here, Plaintiff sued the carrier, GHI, and not OPM.

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and the Complaint is DISMISSED IN ITS ENTIRETY.  The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated: March 6, 2006

_____
Thomas J. McAvoy
Senior, U.S. District Judge